Slip Op. 17-34

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **MONDIV, DIVISION OF LASSONDE SPECIALTIES INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 16-00038 |

## MEMORANDUM AND ORDER

[Plaintiff's consent motion to amend the scheduling order to extend the deadline for discovery is denied without prejudice.]

Dated: March 30, 2017

John M. Peterson, Neville Peterson LLP, of New York, NY, for Plaintiff Mondiv, Division of Lassonde Specialties Inc.

Stephen Andrew Josey, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendant United States. With him were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, and Amy M. Rubin, Assistant Director. Of Counsel was Paula Smith, Attorney, Office of the Assistant Chief Counsel International Trade Litigation, U.S. Customs and Border Protection, of New York, NY.

Choe-Groves, Judge: Before the court is Plaintiff Mondiv, Division of Lassonde Specialties Inc.'s ("Plaintiff") consent motion to amend the scheduling order. See Consent Mot. to Am. Scheduling Order, Mar. 13, 2017, ECF No. 25. Plaintiff seeks to amend the scheduling order by extending the deadline for discovery by sixty days and all subsequent deadlines by thirty days respectively. See id. Once a scheduling order is issued, "[a] schedule may be modified only for good cause and with the judge's consent." USCIT R. 16(b)(4). Good cause

Court No. 16-00038                                                                                                         Page 2

requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule.  See High Point Design LLC v. Buyers Direct, Inc., 730 F.3d 1301, 1319 (Fed. Cir. 2013).

>   Plaintiff asserts that good cause exists because:
>
>   Plaintiff has been involved in a number of other litigation matters with deadlines that have coincided with the discovery deadlines, as well as maintained a busy travel schedule.  The additional time would allow counsel the attention to respond to the interrogatory and production requests, and would allow government counsel the necessary time to review the responses and schedule depositions.

Consent Mot. to Am. Scheduling Order.  Plaintiff has failed here to articulate sufficient detail to support a good cause modification of the scheduling order.  An "overextended caseload is not 'good cause shown,' unless it is the result of events unforeseen and uncontrollable by both counsel and client."  Mississippi v. Turner, 498 U.S. 1306, 1306 (1991) (Scalia, Circuit Justice).  Plaintiff's general assertion of a busy schedule does not satisfy the good cause standard.  See Pfeiffer v. Merit Sys. Prot. Bd., 230 F.3d 1375 (Fed. Cir. 1999) (affirming decision that a heavy attorney workload and busy travel schedule does not constitute good cause).

Therefore, upon consideration of Plaintiff's motion to amend the scheduling order and in accordance with the foregoing, it is hereby

**ORDERED** that Plaintiff's motion is denied without prejudice.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: March 30, 2017
New York, New York