Slip Op. 17-35

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **MONDIV, DIVISION OF LASSONDE SPECIALTIES INC.,** | |
| Plaintiff, | Before: Jennifer Choe-Groves, Judge |
| v. | Court No. 16-00038 |
| **UNITED STATES,** | |
| Defendant. | |

**MEMORANDUM AND ORDER**

[Defendant's consent motion to amend the scheduling order to extend the deadline for discovery is granted.]

Dated: March 30, 2017

John M. Peterson, Neville Peterson LLP, of New York, NY, for Plaintiff Mondiv, Division of Lassonde Specialties Inc.

Stephen Andrew Josey, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendant United States. With him were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, and Amy M. Rubin, Assistant Director. Of Counsel was Paula Smith, Attorney, Office of the Assistant Chief Counsel International Trade Litigation, U.S. Customs and Border Protection, of New York, NY.

Choe-Groves, Judge: Before the court is the United States' ("Defendant") consent motion to amend the scheduling order pursuant to USCIT Rule 16(b)(4). See Mot. Am. Scheduling Order, Mar. 23, 2017, ECF No. 27 ("Def. Mot."). On October 28, 2016, the court issued a scheduling order providing, *inter alia*, that discovery be completed by May 8, 2017 and all discovery-related motions be filed by June 8, 2017. See Scheduling Order, Oct. 28, 2016, ECF No. 21. Defendant's motion requests extension of the discovery deadline by sixty days and

all subsequent deadlines by thirty days respectively.  See Def. Mot.  A previous motion with an identical extension request was filed on March 13, 2017, which this court denied without prejudice because counsel failed to articulate good cause.  See Mot. Am. Scheduling Order, Mar. 13, 2017, ECF No. 25.  As explained below, this subsequent motion is granted because counsel has now articulated sufficient reasons to support good cause warranting modification of the scheduling order.

A scheduling order establishes a timetable by which the case should proceed.  See USCIT R. 16.  Once a scheduling order is issued, "[a] schedule may be modified only for good cause and with the judge's consent."  USCIT R. 16(b)(4).  Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule.  See High Point Design LLC v. Buyers Direct, Inc., 730 F.3d 1301, 1319 (Fed. Cir. 2013).

The Parties' previous motion to amend the scheduling order was denied because counsel's general assertion of a heavy workload and busy travel schedule did not constitute good cause.  See Mem. and Order, Mar. 30, 2017, ECF No. 28.  By contrast, here counsel has articulated sufficient details in its motion to explain the diligent efforts taken to comply with the discovery deadline and why, despite such efforts, Defendant will not be able to complete discovery by May 8, 2017.  See Def. Mot. 2–3.  Counsel noted that Defendant served Plaintiff with document requests and interrogatories on December 27, 2016, with responses due within 30 days.  See id. at 2.  Plaintiff could not meet that deadline due to a delay in obtaining information from its client and a death in counsel's family and, therefore, needed additional time to respond.  See id. at 2–3.  Plaintiff is expected to respond to Defendant's document requests and

interrogatories by March 31, 2017.  See id. at 3.  Defendant asserts that it requires additional time beyond the original discovery deadline to review Plaintiff's documents and interrogatory responses, permit U.S. Customs and Border Protection attorneys to review Plaintiff's responsive materials, conduct depositions of factual and 30(b)(6) witnesses, review Plaintiff's expert witness report, depose Plaintiff's expert witness, and, if Defendant retains its own expert witness, submit an expert report and allow Plaintiff the opportunity to depose the expert.  See id.

Upon consideration of Defendant's motion to amend the scheduling order and in accordance with the foregoing, it is hereby

**ORDERED** that Defendant's motion is granted; and it is further

**ORDERED** that the Scheduling Order, ECF No. 21, is amended so that the action shall proceed as follows:

1. On or before April 7, 2017, counsel shall confer and provide the court with agreed upon deadlines for the following:

    a. Factual discovery, including depositions of factual and 30(b)(6) witnesses, shall be completed by _____;

    b. If applicable, Plaintiff's expert report shall be due on or before _____;

    c. If applicable, Defendant's expert report shall be due on or before _____;

    d. Expert depositions shall be completed by   July 10, 2017  ;

2. Discovery shall be completed by July 10, 2017;

3. Any motions regarding discovery shall be filed on or before August 8, 2017;

4. Dispositive motions, if any, shall be filed on or before September 8, 2017 and a brief in response to a dispositive motion may include a dispositive cross-motion; and

5.  If no dispositive motions are filed, a request for trial, if any, accompanied by a proposed order governing preparation for trial, shall be filed on or before September 22, 2017.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: March 30, 2017
New York, New York